UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NOS. 5:13-CR-00119-01 |
| | 5:15-CV-00673 |
| VERSUS | JUDGE WALTER |
| SHELLEY R. CALLAHAN (01) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING & ORDER

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence [Doc. #74], pursuant to 28 U.S.C. § 2255, filed by Defendant-Petitioner Shelley R. Callahan (01). The Government filed a response [Doc. #78], to which Callahan replied [Doc. #80]. For the following reasons, the motion is **DENIED**.

## BACKGROUND

On April 24, 2013, a federal grand jury in the Western District of Louisiana returned a one-count indictment, charging Callahan with making a false statement in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(3). [Doc. #1]. The charge arose out of Callahan's Chapter 13 bankruptcy proceedings, which represented her eighth bankruptcy filing. About eight months prior to filing this bankruptcy petition, Callahan had received a personal injury settlement of approximately $55,000. Callahan used the settlement money at her discretion, giving a significant portion to family members, without regard to her existing debts or creditors. During her bankruptcy proceedings, Callahan made several filings, including a disclosure document called a Statement of Financial Affairs ("SOFA"), which she signed as true and correct, under penalty of perjury. Despite having used her personal injury settlement to make

gifts and payments to family members in the year preceding her bankruptcy, Callahan falsely claimed to have made no such gifts or payments.

On February 14, 2014, a jury found Callahan guilty as charged in the sole count in the indictment. [Doc. #40]. A presentence investigation report ("PSR") was prepared on April 4, and revised on April 23, 2014. [Doc. #48]. On May 22, 2014, this Court sentenced Callahan to eighteen (18) months' imprisonment, followed by three years of supervised release, and ordered that restitution be paid in the amount of $21,990, to United States Trustee John S. Hodge, *In re Callahan*, Bankruptcy Case No. 10-12601. [Doc. #45]. Callahan was ordered to self-surrender on July 22, 2014; however, her self-surrender date was later extended to October 27, 2014. [Docs. ## 45, 60]. When Callahan failed to report, the Government moved to revoke her bond, and an arrest warrant was executed on December 4, 2014, in Missouri. [Docs. ## 68, 69, 70, 71].

Callahan appealed her conviction and sentence. [Docs. ## 46, 73]. On appeal, Callahan challenged the sufficiency of the evidence in support of her conviction and further challenged the restitution calculation, claiming that some of her debts had been satisfied. On January 8, 2015, the United States Court of Appeals for the Fifth Circuit affirmed Callahan's conviction and sentence. [Doc. #73]. The Fifth Circuit found that the verdict was supported by ample evidence and that the restitution issue was abandoned for failure to cite to any legal authorities or otherwise comply with briefing requirements. *Id.*

The instant motion was filed on March 20, 2015. Here, Callahan alleges ineffective assistance of counsel on the following two grounds. First, Callahan challenges her attorney's failure to "solve the problem" of an impaneled juror whom Callahan claims to have known and believed to harbor negative bias toward Callahan. [Doc. #74, p. 4; Doc. #76; Doc. #80]. Second, Callahan claims that her attorney failed to advise her of, or discuss with her, the Government's

objections to the PSR. [Doc. #74, p. 5]. And, finally, Callahan reasserts her challenge to the amount of restitution, previously raised both in a motion to reconsider her sentence before this Court and, later, on direct appeal to the Fifth Circuit. [Doc. #74, p. 6; Doc. #50; Doc. #73].

## LAW & ANALYSIS

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court when: (1) "the sentence was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a); *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

"As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted)). Rather, after a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)). Similarly, the Fifth Circuit has explicitly determined that "complaints concerning restitution may not be addressed in § 2255 proceedings." *United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999). Accordingly, the Government is correct that this Court lacks jurisdiction to consider Callahan's third and final claim in the instant motion.

Courts may, however, consider claims for ineffective assistance of counsel brought for the first time in a § 2255 motion. *See United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). To successfully state an ineffectiveness claim, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to establish either prong of the *Strickland* test is fatal to petitioner's claim. *Id.* at 696; *see also Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997). In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* If a tactical decision is "conscious and informed . . . [it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir. 1999).

To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A defendant is not prejudiced if "the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Moreover, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042–43 (5th Cir. 1998). The "prejudice" element requires affirmative proof. *United States v. Thompson*, 44 F.3d 1004, 1995 WL 10515, at * 2 (5th Cir. 1995) (unpublished table decision).

As stated, Callahan alleges ineffectiveness, first, due to her counsel's failure to challenge a juror who Callahan claims knew and disliked her. In cases of alleged ineffectiveness grounded in a claim that counsel failed to strike a biased juror, courts must be cognizant of the fundamental nature of the right to an impartial jury. *Seigfried v. Greer*, 372 F. App'x 536, 539 (5th Cir. 2010) (citing *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984) ("One touchstone of a fair trial is an impartial trier of fact-'a jury capable and willing to decide the case solely on the evidence before it.' " (quoting *Smith v. Phillips*, 455 U.S. 209, 217 (1982)))). "In conducting the deficient performance analysis in the context of counsel's failure to strike an allegedly partial juror, a court first evaluates whether the juror at issue was actually biased." *Seigfried*, 372 F. App'x at 539 (citing *Virgil v. Dretke*, 446 F.3d 598, 608-10 (5th Cir. 2006)).[1]

According to Callahan, the juror in question was, at one time, her mail carrier. Callahan alleges that the two women "did not like each other" and "used to argue because [the juror] claimed that the cars parked in front of Callahan's house were blocking her access to the mailbox." [Doc. #80]. Callahan concedes that the juror stated that she did not know Callahan but argues that the juror was being untruthful. *Id.* She asserts that her counsel was ineffective in failing to notify the Court of her relationship with the juror, in order to allow the Court to decide whether the juror could be impartial. *Id.* A review of the record indicates that Callahan's assertions amount to nothing more than baseless speculation and fall far short of establishing actual bias.

During voir dire, the juror identified herself in open court, by first and last name, and explained that she was a retired postal worker. [Doc. #54, pp. 20-21]. After each person seated at

---

[1] Both *Seigfried* and *Virgil* arose in the context of § 2254. "[B]ecause of the similarity of the actions brought pursuant to §§ 2254 and 2255, the federal courts have read them in pari materia as long as the context did not render it improper." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *United States v. Flores*, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998)).

counsels' tables, including the defendant, was introduced to the venire, the Court inquired whether any potential juror knew any of those people. *Id.* at p. 48, ll. 22-25 and p. 49, ll. 1-7. Having previously been sworn or affirmed under oath [Doc. #54, p. 5], the relevant juror did not claim to know anyone and no challenge was lodged by the defendant or her counsel. The juror did not indicate that she would have any difficulty putting "aside any feelings of prejudice, sympathy, or passion [to] decide this case solely on the evidence, without regard to the consequences to either the Government or the Defendant." *Id.* at p. 48, ll. 15-18. Later, the Court made separate inquiries into the potential jurors' prior jury service and/or close relationships to law enforcement officers, both of which prompted affirmative responses from the relevant juror. *Id.* at p. 50, ll. 8-17, and p. 54, ll. 7-10. Ultimately, the juror in question was impaneled and sworn, having indicated absolutely no knowledge of the defendant much less any implicit or explicit bias. *Id.* at pp. 80-81.

Generally, an "attorney's actions during voir dire are considered to be a matter of trial strategy." *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995). Having reviewed the record in light of Callahan's allegations, the Court finds that Callahan has wholly failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Having found that counsel did not render deficient performance, there can be no prejudice. *Id.* at 697.

Callahan's only remaining claim challenges her attorney's alleged failure to advise her of the fact that the Government objected to the PSR or to discuss said objections with her. She alleges that it was not "until recently that [she] found out" that the Government had submitted objections to the PSR. [Doc. #74, p. 5]. The record belies Callahan's claim. The transcript of the

sentencing hearing begins by noting the defendant's presence, in open court, and proceeds as follows:

> THE COURT: All right. The next matter is *The United States versus Shelley Callahan*. I -- well, before I do that. I have read everything. Ms. Callahan, you have read the Presentence Report and you have made the objections as noted; is that correct?
>
> THE DEFENDANT: Yes, sir.
>
> MR. GREENWALD: Yes, Your Honor.
>
> THE COURT: Well, let me address the Government's – Government's first objection, I'm going to sustain that objection, and I am using as the basis page 3 of the submission by the trustee. I'm going to sustain Objection 2 and 3 of the Government's, which then puts me in the position of overruling the objections by the defendant.

[Doc. #57, p. 2, ll. 3-15]. The Court then proceeded to listen to testimony from the United States Trustee John Hodge, argument from both attorneys, and allocution from Callahan. *Id.* at pp. 3-11. In light of the record, the Court finds Callahan's assertions incredible, supporting a finding that counsel committed no error nor engaged in deficient performance. Nevertheless, assuming the veracity of Callahan's assertions, there is no prejudice. The Court considered and ruled upon each objection, filed by both the Government and the Defendant alike, and Callahan has failed to satisfy either prong of *Strickland* for any alleged failure to alert her to the Government's objections.

## CONCLUSION

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence [Doc. #74], pursuant to 28 U.S.C. § 2255, filed by Defendant-Petitioner Shelley R. Callahan (01) is hereby **DENIED AND DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** for failure to make a substantial showing of the denial of a constitutional right, as required under 28 U.S.C. 2253(c)(2).

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 14 day of March, 2018.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE